881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Meres RICHARD, Defendant-Appellant.
 No. 88-5604.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1989.
Decided July 27, 1989.
 
 Stephen Jon Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender on brief) for appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney on brief) for appellee.
 Before ERVIN, Chief Circuit Judge, and HARRISON WINTER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Meres Richard appeals his convictions of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 and 13 counts of cocaine distribution in violation of 21 U.S.C. Sec. 841(a)(1). He claims that there was not sufficient evidence to support any of his convictions. We find that there was ample evidence to support all convictions except that under Count 15. We reverse the cocaine distribution charged in Count 15, and we affirm all of the remaining convictions.
 
 
 2
 Appellant is a Haitian national who came to the United States in 1976 and has worked as a crew chief for migratory farm workers picking oranges and grapefruit in Florida during the winter season and picking peaches and apples in West Virginia during the summer. There is evidence to show that in 1985 he began dealing in cocaine and supplied a number of Jamaican cocaine street dealers with cocaine and recruited a number of individuals to sell his cocaine. The evidence shows that he fronted cocaine (sold on credit) to certain individuals; that he instructed certain individuals as to the price at which they should sell the cocaine furnished by him; and that over a number of months he furnished Oral Robert Reed with cocaine one or two times per week, and instructed him on the price at which to sell the cocaine and to then return the money to Richard. The seven government witnesses testified that they dealt with the defendant as a source of cocaine between May 1985 and October 1986. This testimony was sufficient to establish the essential elements of all of the crimes of which appellant was convicted, except Count 15. This count charged a distribution of a quantity of cocaine to Oral Robert Reed "on or about July of 1986." Reed was one of the primary distributors for defendant, and his testimony was helpful in proving a number of the counts of the indictment, but Reed's testimony was that he had dealt with Richard until June 1986 when he returned to Jamaica. There was no evidence that Reed was in the Northern District of West Virginia or even in the United States during July 1986, and no evidence that a distribution was made to him by Richard after his return to Jamaica. Other counts in the indictment charged distributions to Reed prior to July 1986. These counts were proved, but there was no evidence of a distribution in July 1986 or close enough thereto so as to be covered by the "on or about July 1986" language of Count 15. Without such evidence the conviction under Count 15 must be reversed.
 
 
 3
 Under United States v. Tresvant, 677 F.2d 1018, 1021-1022 (4th Cir.1982), if viewing the evidence in the light most favorable to the government, any rational trier of the facts could have found the defendant guilty beyond a reasonable doubt, then we may not disturb the jury's finding. The evidence met this standard except as to Count 15. Accordingly, we reverse the conviction under Count 15 and affirm the remaining convictions.
 
 
 4
 AFFIRMED IN PART, REVERSED AS TO ONE COUNT.